**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO LEON HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALEZ, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-00248-LJO-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

    **A.    Summary of Complaint**

Plaintiff is currently housed at Salinas Valley State Prison in Soledad. The events giving rise to the claims at issue in this action occurred at Kern Valley State Prison, where Plaintiff was housed at the time of the events complained of. Plaintiff names as defendants Jose L. Gonzalez, a correctional officer (C/O) at Kern Valley State Prison, and Does 1-10.

Plaintiff alleges that on March 18, 2009, an alarm was activated on the Facility B exercise yard, where Plaintiff was located. The alarm was activated in response to "an alleged melee" that occurred on the yard. The inmates on the yard, including Plaintiff, were ordered to immediately lie on the ground in a prone position. (Compl. ¶ 7.) Plaintiff "remained in the same position in absolute compliance with the officers orders." (Compl. ¶ 9.)

Plaintiff alleges that he immediately complied, and was on the ground in a prone position, with his arms "extended open." (Compl. ¶ 8.) Plaintiff alleges that "approximately thirty or more seconds seemed to have passed," when Defendant C/O Gonzalez "aimed and fired his weapon, to wit, assault rifle (mini-14) upon Plaintiff." (Compl. ¶ 10.) Plaintiff alleges that C/O Gonzalez fired approximately five rounds in short succession. Most of the rounds struck the ground "just inches" from Plaintiff's head. One of the rounds struck Plaintiff's left arm, "and nearly severed it." (Compl. ¶ 11.)

**B.     <u>Excessive Force</u>**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson</u>, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. <u>Id.</u> at 9-10; <u>see</u> also <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).

Plaintiff's allegations describing the incident of physical force on March 18, 2009, liberally construed, are sufficient to give rise to a claim for relief against Defendant Gonzales for use of excessive physical force.

**C.     <u>Doe Defendants</u>**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). While Plaintiff's use of the "Doe" moniker to sue unidentified prison officials is permissible, Plaintiff's ambiguous use of the fictitious name is improper. Regardless of whether the identity of a particular prison official is known or not, Plaintiff is still obligated to allege facts that demonstrate a causal link between that unidentified official's actions and an alleged constitutional violation. Thus, Plaintiff must make individualized allegations about each "Doe" defendant. Plaintiff may not refer to a single ambiguous set of multiple "Doe" defendants. Plaintiff is advised that he is still obligated to allege facts against each <u>individual</u> unidentified defendant that demonstrates exactly what that individual did and what that individual's subjective state of mind was. This can be done by referring to each individual unidentified defendant by a separate fictitious name, such as "John Doe #1," "John Doe #2," and so on. Plaintiff may not sue Doe defendants collectively based on speculative beliefs as to whether they exist, or hypothetical allegations of what they may have done that violated Plaintiff's constitutional rights.

///

3

### III. Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Gonzalez for use of excessive physical force. Plaintiff fails to state a claim against the Doe defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward to Plaintiff one summons and on USM-285 form for completion and return. Upon receipt of the form, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. With respect to defendants like Warden Clark, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Gonzalez, for use of excessive physical force.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 24, 2010**                    /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE