# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO LEON HERNANDEZ, | CASE NO. 1:10-cv-00248-LJO-GSA PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| J. GONZALEZ, et al., | (Doc. 8) |
| Defendants. | AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.   Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This action proceeds on the December 27, 2010, first amended complaint, filed in response to the November 24, 2010, order dismissing the original complaint and granting leave to file an amended complaint.

**II.   Plaintiff's Claims**

   **A.   Summary of Complaint**

Plaintiff is currently housed at Salinas Valley State Prison in Soledad. The events giving rise to the claim at issue in this action occurred at Kern Valley State Prison, where Plaintiff was housed at the time of the events complained of. Plaintiff originally named as defendants Jose L. Gonzalez, a correctional officer (C/O) at Kern Valley State Prison, and Does 1-10.

Plaintiff alleges that on March 18, 2009, an alarm was activated on the Facility B exercise yard, where Plaintiff was located. The alarm was activated in response to "an alleged melee" that occurred on the yard. The inmates on the yard, including Plaintiff, were ordered to immediately lie on the ground in a prone position. (Compl. ¶ 7.) Plaintiff "remained in the same position in absolute compliance with the officers orders." (Compl. ¶ 9.)

Plaintiff alleges that he immediately complied, and was on the ground in a prone position, with his arms "extended open." (Compl. ¶ 8.) Plaintiff alleges that "approximately thirty or more seconds seemed to have passed," when Defendant C/O Gonzalez "aimed and fired his weapon, to wit, assault rifle (mini-14) upon Plaintiff." (Compl. ¶ 10.) Plaintiff alleges that C/O Gonzalez fired approximately five rounds in short succession. Most of the rounds struck the ground "just inches" from Plaintiff's head. One of the rounds struck Plaintiff's left arm, "and nearly severed it." (Compl. ¶ 11.)

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

In the November 24, 2010, order, the Court noted that Plaintiff's complaint stated a claim for relief under the Eighth Amendment Defendant Gonzalez for use of excessive physical force. Plaintiff was advised that he failed to state a claim against the Doe defendants. Plaintiff was provided an opportunity to file an amended complaint that corrected the deficiencies identified in the original complaint.

In the December 27, 2010, first amended complaint, Plaintiff adds two defendants:

1 Lieutenant Whitehead and Sergeant Gomez. The only conduct charged to Defendant Whitehead is
2 that "J. Whitehead responded to incident commander at Facility B Upper Yard at Kern Valley State
3 Prison on March 18, 2009 around 3:22 hours." (Am. Compl. ¶ IV.) Plaintiff asserts similar
4 allegations as to Defendant Gomez. Plaintiff alleges that Gomez responded to the incident. Id.
5 Though Plaintiff names Gonzalez, the original defendant, in the first amended complaint, he fails
6 to allege any conduct on his part.

7       To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
8 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
9 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
10 another of a constitutional right, where that person 'does an affirmative act, participates in another's
11 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
12 the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
13 (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection
14 can be established not only by some kind of direct, personal participation in the deprivation, but also
15 by setting in motion a series of acts by others which the actors knows or reasonably should know
16 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

17       Here, Plaintiff fails to state a claim against any of the defendants in the first amended
18 complaint. In the original complaint, Plaintiff clearly alleged facts, liberally construed, indicating
19 that C/O Gonzalez deliberately fired at Plaintiff. In the first amended complaint, Plaintiff fails to
20 allege any conduct by C/O Gonzalez. Plaintiff is advised that an amended complaint supercedes the
21 original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh,
22 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or
23 superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an
24 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at
25 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,
26 114 F.3d at 1474. Should Plaintiff desire to proceed on the first amended complaint, this action
27 would be dismissed for failure to state a claim.

28       As to the defects identified in the order dismissing the original complaint, the Court notes

that Plaintiff has named the unidentified defendants, but fails to charge them with any actionable conduct.  Plaintiff may not hold Defendants Whitehead and Gomez liable simply by identifying them. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.     Conclusion

The first amended complaint fails to state a claim for relief.  Plaintiff fails to include the allegations against Defendant Gonzalez, and fails to allege any actionable conduct by Defendant Whitehead or Defendant Gomez.  The Court will provide Plaintiff with an opportunity to file a second amended complaint that corrects the defects identified by the Court in this order.  Plaintiff is again advised that the second amended complaint must be complete in and of itself.  The Court will not refer to any allegations in the original complaint or first amended complaint.  Should Plaintiff fail to file a second amended complaint, the Court will recommend that this action proceed on the original complaint against Defendant Gonzalez for excessive force under the Eighth Amendment.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file a second amended complaint, the Court will recommend that this action proceed on the original complaint against Defendant Gonzalez for

excessive force under the Eighth Amendment.

IT IS SO ORDERED.

**Dated:**   **January 4, 2011**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE