# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO LEON HERNANDEZ, | 1:10-cv-00248-LJO-GSA-PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO FILE OPPOSITION OR NOTICE OF NON-OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST REMEDIES (Doc. 17.) |
| v. | |
| C/O J. GONZALEZ, | |
| Defendant. | THIRTY DAY DEADLINE |

Faustino Leon Hernandez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 16, 2010. (Doc. 1.) This action proceeds on the Second Amended Complaint filed by Plaintiff on January 31, 2011, against defendant C/O J. Gonzalez ("Defendant"), for use of excessive force in violation of the Eighth Amendment. (Doc. 10.)

On August 1, 2011, Defendant filed a motion to dismiss this action for failure to exhaust administrative remedies. (Doc. 17.) Plaintiff has not responded, or requested an extension of time to respond, to the motion to dismiss.

Plaintiff was required to file an opposition or notice of non-opposition to the motion to dismiss within twenty-one days. Local Rule 230(l). Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..." The

1 court will deem any failure to oppose Defendant's motion to dismiss as a waiver, and recommend
2 that the motion be granted on that basis.

3      Failure to follow a district court's local rules is a proper grounds for dismissal. <u>U.S. v.
4 Warren</u>, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a court may dismiss an action for plaintiff's failure
5 to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a
6 motion will be deemed a waiver of opposition. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52 (9th Cir. 1995),
7 cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive
8 motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to
9 file opposition); cf. <u>Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995); <u>Henry v. Gill Industries,
10 Inc.</u>, 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for summary judgment cannot be granted simply
11 as a sanction for a local rules violation, without an appropriate exercise of discretion).

12      Accordingly, within thirty days of the date of service of this order, Plaintiff shall file an
13 opposition or statement of non-opposition to Defendant's motion to dismiss for failure to exhaust
14 administrative remedies, filed on August 1, 2011. If Plaintiff fails to comply with this order, the
15 Court will deem the failure to respond as a waiver, and recommend that the motion be granted on
16 that basis.

18     IT IS SO ORDERED.
19     Dated:   **November 7, 2011**            /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE