IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO LEON HERNANDEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>C/O J. GONZALEZ,<br><br>    Defendant. | 1:10-cv-00248-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Faustino Leon Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in form pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On November 7, 2011, the Court issued an order requiring Plaintiff to file an opposition or notice of non-opposition to Defendant's motion to dismiss for failure to exhaust remedies, within thirty days. (Doc. 19.) The thirty day period has now expired, and Plaintiff has not filed an opposition or notice of non-opposition, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for nearly two years. Moreover, Plaintiff has not submitted any documents for filing in this action for more than eight months. Plaintiff's failure to respond to the Court's order appears to reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by responding to court orders or defending his case against dismissal. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to oppose Defendant's motion to dismiss in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that five months have passed since Defendant filed the motion to dismiss, and Plaintiff has yet to respond.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order of November 7, 2011 and Plaintiff's failure to prosecute this action.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

**Dated:   January 4, 2012**                /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE

3